JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROYAL WATER DAMAGE RESTORATION, INC. AS ASSIGNEE OF MATTHEW AND AMANDA VAN NOSTRAND

### DEFENDANTS
LIBERTY MUTUAL INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff  MONTGOMERY , PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   COOK , IL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MERLIN LAW GROUP, P.A. PAUL LASALLE, ESQUIRE, 125 HALF MILE ROAD, SUITE 201, RED BANK, NJ 07701 (732) 407-4647

Attorneys *(If Known)*
BENNETT BRICKLIN & SALTZBURG LLC, PAMELA CARLOS, ESQUIRE, CENTRE SQUARE WEST TOWER 1500 MARKET STREET 32 ND FLR, PHILA. PA 19102 (215) 561-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

☐ 2  U.S. Government Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(c)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  3/19/21

SIGNATURE OF ATTORNEY OF RECORD  /s/ Pamela A. Carlos

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | |
|---|---|
| **ROYAL WATER DAMAGE RESTORATION, INC. AS ASSIGNEE OF MATTHEW AND AMANDA VAN NOSTRAND,** | : : : : :   **No.** |
|     **vs.** | : : |
| **LIBERTY MUTUAL INSURANCE COMPANY** | : : : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits      ( )

( c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d)Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )

| | | |
|---|---|---|
| <u>**March 19, 2021**</u> | <u>*/s/ Pamela A. Carlos*</u> | **Attorney for Defendant** |
| **Date** | **Pamela A. Carlos, Esquire** |  **Liberty Mutual Insurance Company** |

| | | |
|---|---|---|
| <u> **(215) 561-4300**</u> | <u>**(215) 561-6661**</u> | <u>  carlos@bbs-law.com  </u> |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____1923 Fairview Avenue Willow Grove, PA 19090_____

Address of Defendant: _____2815 Forbs Avenue, Hoffman Estates, Illinois 60192_____

Place of Accident, Incident or Transaction: _____5407 Chestnut St. Philadelphia, PA 19139_____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _03/19/2021_     _/s/ Pamela A. Carlos_     _56396_
     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

*B.*     *Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____     Sign here if applicable _____     _____
     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

**ROYAL WATER DAMAGE
RESTORATION, INC. AS
ASSIGNEE OF MATTHEW AND
AMANDA VAN NOSTRAND,**
    **Plaintiff**

       **vs.**

**LIBERTY MUTUAL
INSURANCE COMPANY,**
    **Defendant**

:
:
:
:
:
:
:
:
:
:
:
:
:

**No.**

## NOTICE OF REMOVAL

AND NOW, come the defendant, Liberty Insurance Corporation, incorrectly characterized as Liberty Mutual Insurance Company [hereinafter 'Liberty Mutual' or 'Defendant'], for the purpose only of filing this notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.     This is a civil action which was filed in the Court of Common Pleas of Philadelphia County, No. 210200899.

2.     The complaint was filed on February 10, 2021. Defendant was served on February 17, 2021. A copy of the complaint served upon defendant is attached hereto as Exhibit "A".

3.     Plaintiff is a citizen of the Commonwealth of Pennsylvania.

4.     Defendant is now and was at the time plaintiff commenced this civil action and filed the Complaint, a corporation organized under the laws of the State of Illinois with its principal place of business at 2815 Forbs Avenue, Hoffman Estates, Illinois 60192.

5.     Defendant Liberty Mutual is thus a citizen of Illinois for purposes of diversity jurisdiction and Plaintiff is citizen of Pennsylvania.

6.      Plaintiff's complaint alleges two counts.  The first count of the complaint is entitled "Breach of Contract" and seeks damages of not more than $50,000 for mitigation services rendered by plaintiff resulting from a loss occurring March 9, 2020 at the home of Matthew and Amanda Van Nostrand. At all times relevant hereto, defendant insured the Van Nostrand residence under a policy of homeowner's insurance.

7.      To date, plaintiff has submitted an invoice for services totaling $39,175.59. defendant has issued payment of approximately $15,000.00 to plaintiff based upon its evaluation of same.  The amount of the remaining contract dispute is approximately $25,000.00.

8.      Count II of the complaint is entitled "Bad Faith Pursuant to 42 PA. C.S.A. Sec. 8371" and seeks damages in an unspecified amount for interest, punitive damages, costs and attorney's fee and "such other relief as the court may deem equitable and just".  In the complaint, plaintiff alleges, *inter alia,* that Defendant failed to issue payment for mitigation and remediation drying services and "grossly underestimated the extent of the damage and grossly underpaid the plaintiff". See Exhibit 'A', at Count II.

9.      With reference to the bad faith claim pursuant to 42 Pa. C.S.A. §8371, plaintiff is seeking attorney's fees.  Attorney's fees must also be included in determining the amount in controversy.  Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $15,000.

10.      In addition, because plaintiff is making a claim for bad faith, plaintiff also seeks punitive damages pursuant to 42 Pa. C.S.A. §8371.  Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional

amount has been satisfied.  Bell vs. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).  The contractual amount in controversy is approximately $25,000.00, coupled with estimated reasonable attorneys' fees, and if plaintiff is able to sustain a finding of bad faith, although the propriety of same is disputed by moving defendant, it is not unreasonable to expect that a punitive damage award three times the amount in controversy could be rendered by the trier of fact.

11.    Prior to filing the instant Notice of Removal, defendant did inquire of plaintiff if it would be willing to cap damages at $75,000 in lieu of removal. Plaintiff declined the request to cap damages.

12.    Defendant Liberty Mutual hereby removes this matter to the United States District Court for the Eastern District of Pennsylvania.

13.    Defendant Liberty Mutual asserts that the amount in controversy in this matter exceeds $75,000 and the Plaintiff and Defendant are citizens of different states.  Defendant Liberty Mutual files this Notice of Removal Pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446.

14.  28 U.S.C. §1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

15.    As Defendant Liberty Mutual was served with the complaint on February 17, 2021, this removal is timely.

16.    The averments made herein are true and correct with respect to the date upon which plaintiff filed the complaint and the date upon which defendant Liberty Mutual was served with plaintiff's complaint and filed this notice of removal.

17. Defendant Liberty Mutual has simultaneously with the filing of this notice of removal given written notice to plaintiff.

18. Defendant Liberty Mutual is filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

**WHEREFORE**, Defendant Liberty Insurance Corporation, incorrectly characterized as Liberty Mutual Insurance Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:**   */s/ Pamela A. Carlos*
**PAMELA A. CARLOS**
**Attorney I.D. No. 56396**
**Centre Square, West Tower**
**1500 Market Street, 32nd Floor**
**Philadelphia, PA 19102**
**P: (215) 561-4300 / F: (215) 561- 6661**
carlos@bbs-law.com
**Attorney for Defendants**
**Liberty Insurance Corporation**
**Incorrectly characterized as**
**Liberty Mutual Insurance Company**

**Date:  March 19, 2021**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROYAL WATER DAMAGE RESTORATION , INC. AS ASSIGNEE OF MATTHEW AND AMANDA VAN NOSTRAND,**<br>  **Plaintiff**<br><br><br>   **vs.**<br><br>**LIBERTY MUTUAL INSURANCE COMPANY,**<br>  **Defendant** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **No.** |

## NOTICE TO PLAINTIFFS

TO:    Royal Water Damage Restoration, Inc. as Assignee of Matthew and
        Amanda Van Nostrand
        c/o Paul LaSalle, Esquire
        Merlin Law Group
        125 Half Mile Road, Suite 201
        Red Bank, NJ 07701

Please take notice that defendant, Liberty Insurance Corporation, incorrectly characterized Liberty Mutual Insurance Company, by its attorneys Bennett, Bricklin & Saltzburg LLC, has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Pleas of Philadelphia County, No. 210200899 captioned <u>Royal Water Damage Restoration, Inc. as Assignee of Matthew and Amanda Van Nostrand vs Liberty Mutual Insurance Company.</u>

                              **BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:**     */s/ Pamela A. Carlos*
            **PAMELA A. CARLOS**
            **Attorney I.D. No. 56396**
            **Centre Square, West Tower**
            **1500 Market Street, 32nd Floor**
            **Philadelphia, PA 19102**
            **P: (215) 561-4300 / F: (215) 561- 6661**
            carlos@bbs-law.com
            **Attorney for Defendant**
            **Liberty Insurance Corporation**
            **Incorrectly characterized as**
            **Liberty Mutual Insurance Company**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

---

**ROYAL WATER DAMAGE
RESTORATION , INC. AS
ASSIGNEE OF MATTHEW AND
AMANDA VAN NOSTRAND,**
     **Plaintiff**

       **vs.**

**LIBERTY MUTUAL
INSURANCE COMPANY**
     **Defendant**

---

: : : : : : : : : : : :

**No.**

**PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA     :

COUNTY OF PHILDELPHIA           :

     Pamela A. Carlos being duly sworn according to law, deposes and says that she is a Member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Liberty Insurance Corporation incorrectly characterized Liberty Mutual Insurance Company that she did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal attached hereto, said filing to be made on or about March 19, 2021.

          **BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:**    */s/ Pamela A. Carlos*
            **PAMELA A. CARLOS**
            **Attorney I.D. No. 56396**
            **Centre Square, West Tower**
            **1500 Market Street, 32nd Floor**
            **Philadelphia, PA 19102**
            **P: (215) 561-4300 / F: (215) 561- 6661**
            carlos@bbs-law.com
            **Attorney for Defendant**
            **Liberty Insurance Corporation**
            **Incorrectly characterized as**
            **Liberty Mutual Insurance Company**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROYAL DAMAGE RESTORATION, INC, AS ASSIGNEE OF MATTHEW AND AMANDA VAN NOSTRAND.**    **Plaintiff** | : : : : : **No.** : |
| **vs** | : : |
| **LIBERTY MUTUAL INSURANCE COMPANY** | : : : |

## PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA    :

§

COUNTY OF PHILADELPHIA    :

     Pamela A. Carlos, after being first duly sworn upon oath, deposes and says that she is a Member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant Liberty Insurance Corporation, incorrectly characterized as Liberty Mutual Insurance Company and that she did serve on or about March 19, 2021, the aforementioned Notice to Plaintiffs upon the individual named below via electronic filing.

    Royal Water Damage Restoration, Inc. as Assignee of Matthew and
    Amanda Van Nostrand
    c/o Paul LaSalle, Esquire
    Merlin Law Group
    125 Half Mile Road, Suite 201
    Red Bank, NJ 07701

                   **BENNETT, BRICKLIN & SALTZBURG LLC**

        **BY:**    ***/s/ Pamela A. Carlos***
                 **PAMELA A. CARLOS**
                 **Attorney I.D. No. 56396**
                 **Centre Square, West Tower**
                 **1500 Market Street, 32nd Floor**
                 **Philadelphia, PA 19102**
                 **P: (215) 561-4300 / F: (215) 561- 6661**
                 carlos@bbs-law.com
                 **Attorney for Defendant**
                 **Liberty Insurance Corporation**
                 **Incorrectly characterized as**
                 **Liberty Mutual Insurance Company**

# EXHIBIT A

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 11/30/2021
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial de novo on appeal from a decision entered by a Judge.

**MEREIN LAW GROUP, P.A.**
125 Half Mile Road, Suite 201
Red Bank, New Jersey 07701
732-407-4647 (Phone)
732-407-4651 (Fax)
Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
10 FEB 2021 10:45 am
G. IMPERATO

| | |
|---|---|
| ROYAL WATER DAMAGE RESTORATION, INC. AS ASSIGNEE OF MATTHEW AND AMANDA VAN NOSTRAND,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>NO.: |

## COMPLAINT

**COMES NOW** the Plaintiff, Royal Water Damage Restoration, Inc. as assignee of Matthew and Amanda Van Nostrand ("Plaintiff"), by and through its undersigned counsel, by way of Complaint against the above-named Defendant, Liberty Mutual Insurance Company ("Defendant" or "Liberty Mutual"), and states as follows:

## FACTS

1. This is an action by the Plaintiff against the assignor's insurance carrier, Liberty Mutual, for benefits owed under the assignor's homeowners insurance policy, which have not been paid, as a result of an insurance claim for damages resulting from a covered water loss on or about March 9, 2020.

2. Plaintiff is a Corporation under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1923 Fairview Avenue, Willow Grove, PA 19090.

1

Case ID: 210200899

3. The assignor, Matthew and Amanda Van Nostrand, were and are citizens of the Commonwealth of Pennsylvania, being residents and the owners of the real property located at 5407 Chestnut Street, Philadelphia, PA 19139 ("the insured premises").

4. Liberty Mutual is an insurance company authorized to do business in the Commonwealth of Pennsylvania.

5. Matthew and Amanda Van Nostrand assigned any and all of their rights, benefits and causes of action to the underlying insurance policy to Plaintiff to the extent it provided services at the insured premises on March 10, 2020. (See Assignment of Benefits attached as "Exhibit A").

6. Liberty Mutual issued to the assignor a homeowners insurance policy for the insured premises (the "Policy").

7. Pursuant to Pennsylvania Rule of Civil Procedure 1019(i), Plaintiff is not in possession of a copy of the Policy. However, it is believed and averred that Liberty Mutual is in possession of the policy.

8. Under the Policy, Liberty Mutual insured against direct, sudden and accidental physical loss of or damage to the insured premises.

9. On or about March 9, 2020, while the Policy was in full force and effect, the insured premises sustained a water loss from a water line pipe break to multiple rooms in the finished basement.

10. The assignor duly submitted a timely claim to Liberty Mutual under the Policy for losses and damages from this covered peril.

11. Liberty Mutual assigned a claim number to the claim and sent an adjuster to evaluate the claimed damage to the insured premises associated with the loss.

Case ID: 210200899

12. Plaintiff performed mitigation, remediation and restorative drying services at the insured premises relative to the covered loss from March 10, 2020 until April 13, 2020.

13. Plaintiff and/or the assignor substantially performed all conditions required by the Policy, including giving Liberty Mutual prompt notice of the loss and cooperating with Liberty Mutual in its investigation of the loss and claim.

14. Although requested to do so, Liberty Mutual failed, refused, and continues to fail and refuse to pay for all covered damages stemming from the March 9, 2020 water loss.

15. Liberty Mutual improperly underpaid Plaintiff approximately $25,000. for reasonable expenses it incurred for its services at the insured premises relative to the covered loss.

16. Liberty Mutual wrongfully refused to reimburse Plaintiff in accordance with the applicable standards and regulations for, <u>inter</u> <u>alia</u>, the proper dry-out time and equipment for its services at the insured premises relative to the covered water loss.

17. Liberty Mutual's failure and/or refusal to pay all insurance proceeds due and owing under the Policy from the March 9, 2020 water loss constitutes a breach of the express terms of the insurance contract.

18. Pursuant to Pennsylvania Rule of Civil Procedure 1024, the facts set forth herein have been verified by Plaintiff. The Verification is annexed to this Complaint.

## **JURISDICTION AND VENUE**

19. Liberty Mutual is subject to the jurisdiction of this Court because it issued an insurance policy, which was to be performed in the Commonwealth of Pennsylvania, and it failed to pay benefits to the Plaintiff.

20. Subject-matter jurisdiction is proper in this Court pursuant to 246 Pa. Code § 302(D).

Case ID: 210200899

21. Venue is proper in Philadelphia County pursuant to 246 Pa. Code § 302(D), because the insured property is located within Philadelphia County and Liberty Mutual voluntarily insured property located in Philadelphia County.

## COUNT ONE
### (Breach of Contract)

22. Plaintiff incorporates by reference the allegations set forth in the previous paragraphs as if set forth in full herein.

23. Assignor and Liberty Mutual entered into an insurance contract whereby Liberty Mutual promised to pay for covered losses to the insured premises.

24. The insured premises sustained a covered peril in the form a water loss on or about March 9, 2020.

25. Plaintiff performed mitigation, remediation and restorative drying at the insured premises relative to the covered water loss.

26. Plaintiff, as assignee, has demanded payment from Plaintiff pursuant to the terms of the Policy.

27. Despite the fact that Plaintiff's mitigation, remediation and restorative drying services at the insured premises benefited Liberty Mutual by lessening the amount that it had to pay under the Policy, Liberty Mutual has failed and refused to pay Plaintiff for the full amount of its services rendered at the insured premises.

28. Liberty Mutual's failure to pay all insurance proceeds due and owing from the March 9, 2020 water loss is a breach of the express terms of the contract.

29. As a result of Liberty Mutual's breach of the insurance contract, Plaintiff has suffered and continues to suffer damages.

Case ID: 210200899

**WHEREFORE**, Plaintiff demands judgment against Liberty Mutual on Count One for:

(a)    Compensatory damages not more than $50,000;

(b)    Pre-judgment interest and post-judgment interest; and

(c)    For such other relief as the Court may deem equitable and just.

## COUNT TWO
### (Bad Faith Pursuant to 42 Pa.C.S. § 8371)

30.    Plaintiff incorporates by reference the allegations set forth in the previous paragraphs as if set forth in full herein.

31.    The insured premises sustained a Category 3 water loss to multiple rooms in the finished basement as a result of the water line pipe break on March 9, 2020.

32.    Plaintiff made Liberty Mutual aware of the affected areas from the water line pipe break, as well as its positive bacterial findings from its air and surface testing.

33.    Liberty Mutual failed to include payment to Plaintiff for its mitigation, remediation and restorative drying services in several rooms of the basement of the insured premises  that had been affected by the water line pipe break.

34.    Plaintiff made Liberty Mutual aware that it failed to include payment to Plaintiff for several rooms of the insured premises, including the utility room where the water line pipe break had originated.

35.    Liberty Mutual acknowledged that the source room and other rooms within the insured premises were not included in its estimate; however, it refused to correct its estimate because it felt the amount that it issued to Plaintiff was fair and reasonable based upon the square feet of the loss.

36.    Liberty Mutual failed and refused to include payment for the proper mitigation, remediation and restorative drying of the insured premises in accordance with the

5

Case ID: 210200899

applicable Institute of Inspection Cleaning and Restoration Certification ("IICRC") standards.

37. Liberty Mutual knew that its estimate and payment for the water line pipe break mitigation, remediation and restorative drying services at the insured premises did not comply with IICRC standards.

38. Liberty Mutual grossly underestimated the extent of the damage and grossly underpaid the Plaintiff with respect to its mitigation, remediation and restorative drying services at the insured premises.

39. Liberty Mutual's afore-mentioned actions amount to bad faith under 42 Pa.C.S. § 8371.

40. As a result of Liberty Mutual's bad faith, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Liberty Mutual on Count Two for:

(a) Interest on the amount of the claim from the date the claim was made by the Plaintiff in an amount equal to the prime rate of interest plus 3%;

(b) Punitive damages;

(c) Court costs and attorney's fees; and

(d) For such other relief as the court may deem equitable and just.

**MERLIN LAW GROUP, P.A.**
Attorneys for Plaintiff

Date: February 10, 2021             By: /s/ Paul L. LaSalle
                                        Paul L. LaSalle, Esq. (PA I.D. 204513)
                                        plasalle@merlinlawgroup.com

Case ID: 210200899

# EXHIBIT A

Case ID: 210200899

**Exhibit B-2**

SERVICE CONTRACT AND ASSIGNMENT OF BENEFITS

In consideration of the final billing, **Royal Water Damage Restoration, Inc. ("RWDR")** agrees and guarantees to perform all required restoration services within our scope of work

**Scope of Work:** Document damages, document moisture readings, remove affected materials, place drying equipment and monitor drying efforts, and removal of drying equipment once a dry standard has been achieved and documented.

**Commencement and Completion Date:** Services will start on **TBD**. The project completion date will be dictated based on the documented drying results. Drying equipment will be removed once a dry standard has been achieved and documented.

**Estimated Cost:** All services to be provided will be invoiced utilizing Xactimate, an industry standard software billing program. All scheduled cost published in Xactimate are considered normal and customary pricing guidelines within the restoration and insurance industry. Once all services are completed, an itemized service invoice utilizing Xactimate will be generated. This service invoice will be forwarded to the insurance adjuster for final payment.

**Contract:** For value received, the undersigned customer ("Assignor") represents that this contract is in full force and effect. The Assignor fully warrants that it/he/she/they have full rights and authority to enter into this contract.

**Terms:** The terms of this contract begin at the time and date set forth next to Assignor's signature, with services payable at project completion.

**Assignment: Assignor hereby assigns and transfers any and all insurance rights, benefits, and causes of action under the property insurance policy to RWDR. The Assignor understands that RWDR now owns the insurance claim to the extent that serService is provided.** I agree to cooperate fully with RWDR and there attorneys, to make any and all of my damaged property available for inspection or use by RWDR to protect their interest. **Any payment for goods and services for this invoice that are issued to or received by any party other than RWDR will be considered a breach of contract for non-payment and will be treated as such.**

**Credit Terms:** The undersigned customer understands and agrees that in consideration for being extended herein, it/he/she shall be liable for all amounts charged, ordered, purchased, received, and incurred upon credit, on open account, or otherwise from RWDR until such time as all amounts due hereunder are paid in full.

**Printed Name: Matt Vannostrand**          **Date of Loss: 3/9/2020**

**Address of Loss:** 5047 Chestnut Street, Philadelphia, PA, 19139

**Insurance Carrier: Liberty mutual**          **Claim Number: 0421888476**

**Insurance Adjuster: TBD**          **Adjuster's Phone #: TBD**

Service Contract (Continued)

**Exhibit B-2**

This Assignment applies to claims for payment for work performed by RWDR at the above property, plus andy applicable claims for bad faith, attorney's fees, cost owed by the insurance company pursuant to local, state, and federal law. I/we understand that i/we remain personally responsible for payment of services to RWDR rendered by RWDR that is not paid by the above insurance company. It is understood and agreed that all amounts due hereunder shall be paid promptly. Such overdue amounts shall accrue simple interest at a rate of one and one half percent (1.5%) per month, until such amounts are paid. Customer understands and agrees to daily compounding of interest on any unpaid balance. Everything stated in this contract is correct to the best of my knowledge. It is understood that RWDR is authorized to make all appropriate credit inquiries regarding me or this company/corporation.

**Termination:** RWDR may at anytime either temporarily and/or permanently terminate the usage of any or all equipment.

**Calendar Usage:** Usage is deemed to begin at the time of arrival and to the following midnight regardless of the particular hour in which the usage occurs. It is further understood that any portion of a day constitutes a day's usage and will be considered a full and complete day. All usage is for a three (3) day minimum. Assignor agrees that in the event any portion of the equipment being used malfunctions not limited to breakage, leakage and/or other occurrences that it/he/she is still liable for the cost of usage based on calendar usage. Any compensation for unforeseen equipment downtime will be effected through additional usage only. Customer shall hold RWDR harmless from any claim of damages as a result of workmanship or equipment malfunctions.

**Conditions of Contract:** In the event any party to this agreement brings suit to enforce any provision of this agreement, the prevailing party on any issue in any such litigation and any appeals there from, shall be entitled to recover from the other party, in addition to any damages, interest at 18% per annum from the date of owing, or other relief granted as a result of such litigation, all reasonable cost of such litigation and a reasonable attorney's fee as fixed by the court. If any suit or action is instituted under this agreement, all parties agree to submit to jurisdiction and venue in the state and county of RWDR's discretion.

I, **Matt Vannostrand,** have read and fully understand all terms and conditions of this service contract and assignment of benefits. I (the homeowner) understand my insurance company is not requiring I use the services of this or any contractor and I have the right to use any contractor I choose. I will not be charged an amount higher than what can be agreed upon between my Insurer and RWDR. Upon RWDR's receipt of payment in full, I will receive a 5 year warranty on all repairs completed by RWDR.

Signature: _

Date: 3/10/2020 ,10:50:12

Royal Water Damage Restoration, Inc.
1923 Fair View Rd
Willow Grove PA, 19090
Tax Id#: 20-2665991

Page 2 of 2

Case ID: 210200899

## VERIFICATION

I, David Cohen, hereby verify that I am a representative of the Plaintiff in this civil action and that I have knowledge of the facts set forth in the Complaint. I further verify that the facts set forth in the foregoing Complaint are true and accurate to the best of my knowledge, information and belief. I understand that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_David Cohen_
David Cohen

Case ID: 210200899